FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/3/2023 12:53 PM
JAMIE SMITH
DISTRICT CLERK
23DCCV1697

CAUSE NO. _____

| | | |
|---|---|---|
| MARIA DE LA CRUZ | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| V. | § | OF JEFFERSON COUNTY |
| | § | |
| TARGET CORPORATION | § | |
| *Defendant.* | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MARIA DE LA CRUZ** ("Plaintiff") and files this her Original Petition over and against **TARGET CORPORATION** (herein referred to as "Target" and "Defendant"). In support thereof, Plaintiff would show as follows:

### I. PARTIES

Your Plaintiff, at all material times herein, is a resident of Texas.

Defendant **TARGET CORPORATION** is a for-profit corporation authorized to do business in the state of Texas and is deemed a citizen of Texas. Said Defendant may be served by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### II. JURISDICTION AND VENUE

Your Plaintiff would show that jurisdiction and venue are both proper before this Honorable Court. Although the amount of damages to be awarded to Plaintiff is a matter lying largely within the discretion of the jury, Plaintiff sues for monetary relief in excess of $250,000, but not more than $1,000,000.

### III. DISCOVERY CONTROL PLAN

Plaintiff intends discovery to be conducted pursuant to Level 3, as set forth and governed by the Texas Rules of Civil Procedure.

### IV. BACKGROUND

On or about August 21, 2023, Plaintiff Maria De La Cruz was a customer and invitee of the Target store inside Central Mall, located at 3100 FM 265, Suite 90, Port Arthur, Texas 77642. Plaintiff was, at all times relevant, behaving as a reasonable and prudent person would. As Plaintiff was exiting the store, a defective rug was improperly placed on the floor beneath her and slipped out from underneath her feet, causing her to fall hard to the ground. Upon inspection of the rug, Plaintiff realized that the slip-proof rubber outline had completely worn off and was frayed. Due to Defendant's negligence, Plaintiff suffered serious and permanent injuries.

### V. NEGLIGENCE

Defendant is vicariously liable for the negligence of its employees under the theory *respondeat superior* as, at all times material, Target employees, acting within the course and scope of said employment, and in the furtherance of said Defendant's business, at the time of the fall made the basis of this lawsuit, failed to keep the premises free of unreasonably dangerous conditions, including, but not limited to a slippery rug near the exit of the store.

Defendant Target is directly and independently liable to Plaintiff for its own negligent acts and omissions as committed by it and its agents, employees, servants, and representatives. Defendant Target owed specific duties to Plaintiff as well as the customers of its store, said duties existing and created by common law, statutory law,

2

and regulatory laws, rules, and regulations. Defendant Target breached these duties and is thus negligent in multiple ways including, but not limited to the following:

a.    Negligently and carelessly failing to warn Plaintiff of the dangerous condition;

b.    Failing to maintain safe premises;

c.    Failing to properly maintain the area in question;

d.    Failing to inspect the area in question;

e.    Failing to discover and remove the dangerous condition within a reasonable time;

f.    Failing to use the care of a reasonable person under the same or similar circumstances;

g.    Failing to properly train its employees;

h.    Failing to safely and adequately mark and/or warn of the area in which Plaintiff fell;

j.    Failing to adequately warn Plaintiff and others of the floor and/or condition upon which she was injured;

k.    In committing other acts of omission and/or commission to be shown after and adequate for time of discovery, and/or at the time of trial.

The foregoing acts and/or omissions were a proximate and/or producing cause of the Plaintiff's injuries and damages.

## VII. DAMAGES

As a direct, legal, and proximate cause of the Defendant's negligence herein, Plaintiff suffered severe and significant personal injuries. Plaintiff hereby sues for the

3

recovery of the following elements of damages: medical and other health care-related expenses, past and future; physical pain and suffering, past and future; mental anguish, past and future; physical impairment, past and future; and physical disfigurement, past and future. Plaintiff also asserts her right to recover over and from Defendant any and all interest allowed by law, including pre- and post-judgment interest, along with court costs. Additionally, Plaintiff sues for all repair costs, loss of use, diminution of value, and other out of pocket expenses.

## VIII. INITIAL DISCLOSURES AND NOTICE

Under Texas Rules of Civil Procedure 194, and in accordance with Rule 194.2(a), Plaintiff requests that the Defendant make its Initial Disclosures, within 30 days after the filing of the first answer, the information or material described in Rule 194.2(b). Additionally, Plaintiff hereby gives notice pursuant to Texas Rule of Civil Procedure 193.7 that she intends to use any document or other materials produced by the Defendant in response to written discovery.

## IX. CONDITIONS PRECEDENT

Plaintiff alleges that all conditions precedent to the maintenance of this action have been met or satisfied, in accordance with Rule 54 of the Texas Rules of Civil Procedure. Plaintiff fully reserves the right to amend or supplement this Petition.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendant be cited to appear and answer herein, that upon final trial hereof, the Plaintiff recovers against Defendant all of Plaintiff's damages as set forth herein as well as pre- and post-

4

judgment interest at the legal and lawful rate, all costs of court, and all other and further

relief, at law or in equity, to which your Plaintiff may be justly entitled.

Respectfully Submitted,

**THE FERGUSON LAW FIRM, L.L.P.**
3155 Executive Boulevard
Beaumont, Texas 77705
T. (409) 832-9700
F. (409) 832-9708

**Javier Cabanillas**
State Bar No. 24094234
jcabanillas@thefergusonlawfirm.com
hlacey@thefergusonlawfirm.com

**ATTORNEY FOR PLAINTIFF**

5

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Hannah Lacey on behalf of Javier Cabanillas
Bar No. 24094234
hlacey@thefergusonlawfirm.com
Envelope ID: 81285833
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 11/3/2023 1:29 PM CST

Associated Case Party: MariaDe La Cruz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Javier Cabanillas | | jcabanillas@thefergusonlawfirm.com | 11/3/2023 12:53:49 PM | SENT |
| Hannah Lacey | | hlacey@thefergusonlawfirm.com | 11/3/2023 12:53:49 PM | SENT |